**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| K.G.,<br><br>Plaintiff,<br><br>v.<br><br>SHREE VISHNU HOTEL, LLC,<br><br>Defendant. | **No. 1:26-cv-01007-TWT** |

**PLAINTIFF'S MOTION FOR LEAVE
TO ADD PARTIES AND TO FILE AMENDED COMPLAINT**

The Court should allow G.W., another victim-survivor who, as a minor child, was sold for sex at the Masters Inn, to join this case as a plaintiff. Likewise, Trinity SNK Corporation f/k/a Global Management and Investment Corporation ("Trinity SNK") should be added as a defendant because it is liable under federal and Georgia law for its role in Plaintiff K.G.'s and G.W.'s sex trafficking at the Masters Inn. This case is in its early stages, Plaintiff has been diligent in pursuing discovery, and Trinity SNK's role concerning the operation of the Masters Inn as a haven for sex trafficking and other illegal conduct was not and has not been properly disclosed even though it should have been under the local rules and in response to Plaintiff's discovery. Adding these parties does not disrupt this case; instead, it will promote efficient resolution of related and overlapping claims without multiple parallel lawsuits.

A proposed First Amended Complaint ("FAC") is attached hereto as **Exhibit A**. Plaintiff's motion should be granted.

## I. BACKGROUND

Plaintiff filed her complaint on February 20, 2026. Doc. 1. Defendant Shree Vishnu Hotels, LLC, answered the complaint on March 19, 2026. Doc. 9. Under the local rules, the parties' initial disclosures and joint preliminary report and discovery plan were due on April 20. *See* LRs 16.2, 26.1, NDGa. Initially, Plaintiff filed on the April 20 deadline a Joint Preliminary Report and Discovery Plan ("JRPDP"). Doc. 14. Plaintiff filed that plan unilaterally because Defendants were unavailable to confer about the final plan before the deadline passed. Doc. 14, n.1. Then on April 24, the parties jointly submitted their Amended Joint Report and Preliminary Discovery Plan. Doc. 17. The same day, the Court entered a scheduling order setting several deadlines, including a May 20, 2026, deadline for amending the pleadings. Doc. 18, at 1.

In addition to compiling the JPRDPs, Plaintiff promptly engaged in discovery and completed her required disclosures. On April 20, 2026, Plaintiff served her initial disclosures and issued requests for admission, interrogatories, and requests for production. Docs. 13, 16. Having received no disclosures from Defendant by the April 20 deadline, Plaintiff followed up multiple times about when Defendant would provide them. *See* **Exhibit B.** Defendant eventually produced initial disclosures on

May 20. Doc. 20. After receiving a deadline extension from Plaintiff, Defendants responded to Plaintiff's discovery on June 3. Doc. 21.

Beginning in June, the parties engaged in serious settlement discussions. These negotiations predominated the parties' work on this matter from June through early September. The negotiations concerned Plaintiff K.G.'s claims, as well as claims asserted by non-parties who were also sold for sex as minors at the Masters Inn. The negotiations were productive and some claims resolved presuit. But K.G.'s claims and G.W.'s claims did not.

As negotiations progressed, Plaintiff learned that non-party Trinity SNK should be a defendant. Though, Defendant has not yet disclosed Trinity SNK as a potentially liable party, or any other details about its involvement in running the Masters Inn. As set forth more fully in the proposed FAC, G.W. intends to bring suit against Defendant and Trinity SNK arising from years of being sold for sex at the Masters Inn starting when she was only 13 years old. Similarly, Plaintiff seeks to add Trinity SNK as a party to her lawsuit. Both K.G. and G.W. both seek to add these parties while this case is still in the early phases and to avoid multiple, separate lawsuits involving substantially the same subject matter, lawyers, discovery, and other overlapping issues.

## II. ARGUMENT

The Court should grant Plaintiff leave to amend. Because more than twenty-one days have elapsed since Defendant answered, "Rule 15(a)(2) allows [amendment] only with the opposing party's written consent or the court's leave. However, Rule 15(a)(2) also provides that the court should freely give leave when justice so requires." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation modified). Under the Court's scheduling order, an amended pleading may be filed only with the "prior permission of the Court[.]" Doc. 18, at 2.[1] Additionally, "to amend a complaint to add additional parties after a responsive pleading has been filed, a plaintiff must satisfy both the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rules 19, 20, or 21." *Fincher v. Georgia-Pac., LLC*, No. 1:08-CV-3839-JOF, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009).[2] Accordingly, Plaintiff files this motion seeking the Court's permission to amend the complaint as set forth in the FAC attached as **Exhibit A**.

---

[1] While obtaining the Court's "prior permission" appears less stringent than the "good cause" standard under Rule 16(b)(4), Plaintiff can demonstrate good cause and frames her motion around that standard. *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

[2] Plaintiff sought Defendant's consent prior to filing, but Defendant has not said whether it consents or opposes Plaintiff's proposed FAC.

The Court should grant permission to amend for several reasons.

*First*, it was not reasonable for Plaintiff to add Trinity SNK as a defendant before the May 20 deadline passed. Prior to that deadline, Plaintiff was unaware of its involvement in the Masters Inn and Defendant had produced no information suggesting Trinity SNK's involvement in managing, operating, or otherwise running the Masters Inn. It was not until well after the deadline passed that Plaintiff learned about Trinity SNK's probably culpable relationship to Defendant or the Masters Inn. Even then, this came from outside the record in this case. Defendant has yet to formally or informally disclose Trinity SNK's involvement in discovery in this case.

Defendant's initial disclosures were late and incomplete. Defendant failed to identify or otherwise point to Trinity SNK as a possible defendant. Defendant's disclosures were filed a month late (despite Plaintiff's multiple requests that Defendant produce them within days of the April 20 deadline lapsing). *See* **Ex. B**. Defendant did not serve its disclosures until May 20—a month after the deadline and the same day as the deadline for amending the pleadings. Doc. 20. More importantly, Defendant's disclosures did not disclose Trinity SNK among the "parties who defendant contends are necessary parties," *id.* at 1, or as "some other persons or legal entity . . . in whole or in part liable to the plaintiff or defendant in this matter," *id.* at 4. Defendant has still not done so.

Defendant similarly failed to identify Trinity SNK in response to Plaintiff's discovery even though it should have. On April 20, Plaintiff asked Defendant the following:

**Interrogatory No. 1**

> Please identify any person who owned, managed, maintained, or was in control of the hotel or provided security at the hotel from January 1, 2012, through December 31, 2016. For any identified corporate entity, please identify any person who owned or controlled the entity, and if the ownership or control has changed, please identify the current ownership or control.

**Exhibit C**. Defendant responded:

> The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Shree Vishnu Hotel, LLC

**Exhibit D**. Defendant identified only itself as a person or entity related to the Masters Inn. It did not and still has not identified Trinity SNK in response to Plaintiff's discovery.

Defendant also declined to share Trinity SNK's role informally. After issuing discovery and receiving initial disclosures from Defendant, Plaintiff's counsel inquired whether another party, like Trinity SNK, *could* have had some relationship with Defendant and/or the Masters Inn. Defendant neither confirmed nor denied that

was the case and equivocated about whether it alone was responsible for the Masters Inn, without identifying other potentially responsible persons or entities.

Trinity SNK's probable role became clear only during settlement negotiations. But that was well past the May 20 deadline for amending the pleadings passed. In late August, as another settlement involving a survivor of sex trafficking at the Masters Inn was consummated, Defendant's counsel and insurers insisted that Trinity SNK be added as a releasee, in addition to Defendant. This was the first time that Defendant insisted another party had a legally significant relationship to Plaintiff's claims concerning the Masters Inn's participation in illegal sex trafficking. Shortly thereafter, in late August and early September, it became apparent that negotiations regarding K.G.'s or G.W.'s claims had stalled. Plaintiff inquired whether Defendant would consent to the addition of Trinity SNK as defendant in this case (and G.W. as a plaintiff), but Defendant did not take a position. Having waited long enough for Defendant to take a position, Plaintiff now moves for the Court's permission to amend so that this issue can be promptly resolved.

Before the settlement negotiations, Defendant's dilatory disclosures and discovery responses omitting Trinity SNK's involvement or liability impaired Plaintiff's ability to amend or add Trinity SNK as a party before the deadline passed, despite her diligence in trying to obtain just such information through discovery. *See* FED. R. CIV. P. 16, Subdivision b, Advisory Committee Note 1983 Amendment

(amendment to scheduling order allowed "if it cannot reasonably be met despite the diligence of the party seeking the extension"). Thus, Plaintiff should be allowed to amend even though the deadline for doing so has passed.

*Second*, allowing amendment is practical and avoids multiple, separate lawsuits Adding G.W. and Trinity SNK in this case streamlines lawsuits by multiple survivor-victims of sex trafficking at the Masters Inn against the same defendants––Defendant Shree Vishnu and Trinity SNK. The statute of limitations for G.W.'s and K.G.'s claims against both have not passed, further supporting amendment. *See Ford v. Norris*, No. 1:25-CV-2356-TWT, 2026 WL 1786113, at *3 n.2 (N.D. Ga. June 22, 2026) ("The Court notes that, according to Ford, the statute of limitations for her claims had not yet expired at the time of her motion."). And as explained above, the case is in early stage. Amendment here is minimally disruptive, if at all.

Of course, G.W. could file a new lawsuit against Defendant and Trinity SNK; and K.G. could file a separate suit against Trinity SNK. (And if amendment is not allowed, they will likely have to do that.[3]) As set forth in the proposed FAC, there is significant overlap in the allegations by both K.G. and G.W. *See, e.g.*, FAC, **Ex. A**, ¶¶ 19–57. They involve similar factual bases and legal theories. *Id.*, ¶¶ 58–143. Their

---

[3] Because whether leave will be granted is unknown, Plaintiff G.W. has separately filed her complaint against Defendants. If the Court grants leave to amend, she will seek consolidation of the two suits in this case or other disposition to ensure that her case against Defendants proceeds efficiently in a single proceeding.

overlapping claims should be heard in the same proceeding. The alternatives—*e.g.*, multiple lawsuits involving similar allegations, claims, witnesses, lawyers, and subject matter on multiple tracks before multiple judges—would be a poor use of judicial and party resources.

*Finally*, and for similar reasons, joinder of G.W. and Trinity SNK is proper.

> Under Rule 20, "a party seeking joinder of claimants must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined."

*Hunter ex rel. Lynah v. Cook*, No. 1:08-CV-2930-TWT, 2011 WL 4500009, at *3 (N.D. Ga. Sept. 27, 2011) (citation modified) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000)); *see also Noorani Trading, Inc. v. Bijani*, No. 1:17-CV-1344-LMM, 2019 WL 12520128, at *2 (N.D. Ga. Mar. 18, 2019) ("The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy, explaining that 'under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" (citation modified) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966))).

The first element of joinder is met. As alleged in the proposed FAC, Plaintiff K.G. and proposed Plaintiff G.W. assert that both Defendant and Trinity SNK are

jointly and severally liable for damages arising from their unlawful sex trafficking at the Masters Inn. *See* FAC, **Ex. A**, ¶¶ 109–43 (asserting three separate counts against Defendant and Trinity SNK); *id.*, ¶ 123 ("Defendants are jointly and severally liable to Plaintiffs"). These allegations of a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" against both defendants warrant joinder. *See* FED. R. CIV. P. 20(a)(1)(A) (joining plaintiffs); *id.* Rule 20(a)(2)(A) (joining defendants).

The second element is satisfied, too, because at least one—if not multiple—questions of "law or fact common to all" plaintiffs and defendants will arise in the action. *See id.* Rule 20(a)(1)–(2). Among others, the common questions include whether the defendants knowingly benefited from the participation in a venture with sex traffickers by renting rooms and otherwise profiting when they knew or should have known that the ventures in which they participated violated the TVPRA, 18 U.S.C. § 1591. *See, e.g.*, FAC, **Ex. A**, ¶¶ 103–123. These questions center around a years-long and sustained "pattern or practice" of running the Masters Inn as a haven for child sex trafficking and other dangerous and illegal activity. These and several other common questions satisfy Rule 20's joinder standard. *See Hunter ex rel. Lynah*, 2011 WL 4500009, at *4.

Overlapping with the reasons for why amendment is appropriate, joinder also promotes judicial economy by joining multiple parties and claims relating to the Masters Inn in a single proceeding. *See Noorani Trading, Inc.*, 2019 WL 12520128, at *2 ("The Eleventh Circuit has held that the 'underlying purpose of joinder is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" (citation modified) (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam))); *Hunter ex rel. Lynah*, 2011 WL 4500009, at *3 (explaining that liberal joinder promotes judicial economy). Accordingly, Plaintiff has also demonstrated that in addition to allowing amendment, joinder of parties is also warranted. *See Fincher*, 2009 WL 2601322, at *1. Plaintiff's motion should be granted.

## III. CONCLUSION

For the foregoing reasons, the Court should grant leave to file the First Amended Complaint, attached as **Exhibit A**, to add Trinity SNK Corporation as a defendant and G.W. as a plaintiff, and to deem Plaintiff's First Amended Complaint filed as of the date of this motion.

[*Signature on following page.*]

Respectfully submitted on October 2, 2026.

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Stephen Morrison*
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Stephen Morrison*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile