# Exhibit C

# Plaintiff's Interrogatories to Defendant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| K.G.,<br><br>Plaintiff,<br><br>v.<br><br>Shree Vishnu Hotel, LLC<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:26-cv-01007-TWT |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT SHREE VISHNU HOTEL, LLC

Plaintiff serves these Interrogatories on Defendant, Shree Vishnu Hotel, LLC, and request that they be fully answered in writing and under oath within thirty (30) days of the date of service. These Interrogatories are served pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Georgia.

## PRELIMINARY INSTRUCTIONS

### I. To whom addressed.

Each Interrogatory is addressed to the personal knowledge of Defendant as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to each such person.

## II. Substance of Response.

Plaintiff requests that Defendant take time to accumulate all information called for by these Interrogatories, whether factual or documentary, and provide all information in your initial written discovery responses. Plaintiff requests that Defendant respond to the Interrogatories as written and supply all responsive information, regardless of whether your internal terminology differs from the terminology of the Interrogatory. Plaintiff will not regard as adequate a response in which you merely enter the particular language of an Interrogatory into a computer search of a database, then supply information based upon the exact word or phrase from the Interrogatory but fail to conduct the complete, substantive search that the law requires. Plaintiff requests a complete, substantive response to each Interrogatory.

## III. Procedure for Responding.

Plaintiff requests that you not only respond to these Interrogatories separately and completely but also supplement any responses to these Interrogatories separately and completely. In supplementing, Plaintiff requests that you do not merely send letters or emails to counsel identifying additional documents or information; rather, Plaintiff requests that you respond in a formal pleading served on all parties. That pleading should make clear what information or documents are responsive to which Interrogatory.

As you know, all documents produced must be Bates-numbered so that the Court and parties can identify the documents and know what documents are responsive to which Interrogatory. Please include in your response the Bates numbers of all documents produced in response to that Interrogatory. Alternatively, Plaintiff will accept a detailed index of the documents produced. Plaintiff makes these requests to avoid receiving a mass of undifferentiated documents that require Plaintiff's counsel to spend an inordinate amount of time figuring out what has been produced. Plaintiff will reciprocate this courtesy in Plaintiff's discovery responses.

Plaintiff requests that you respond to and supplement these and all future Interrogatories with direct, concise responses that can be read to a jury. Plaintiff requests, therefore, that you not answer Interrogatories by cross-referencing a response given in other paragraphs of this same discovery; instead, kindly answer each question with a full, clear, textual response.

Plaintiff requests that you set forth in your response the text of the Interrogatory as well as your responses or objections to that Interrogatory so that it is clear from the four corners of your response what the request sought and what your answer or objection to that request is. This is helpful to the Court and the parties because it avoids the need to flip between documents to determine the answer to a particular Interrogatory. If it would help to have a Microsoft Word version of these discovery requests, Plaintiff's counsel will provide one.

## IV. Privilege Claims.

If you claim the work-product doctrine or attorney–client privilege applies to any document or information responsive to these Interrogatories, Plaintiff requests that the document or information to which a privilege is claimed be identified with such particularity and in such a manner that the Court (and not defense counsel unilaterally) may determine whether the document or information is entitled to protection or privilege. Plaintiff further requests that you provide a privilege log setting for a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the protection or privilege claimed. Without a prompt, complete privilege log that supports the claims of protection or privilege and allows the Court to rule on them, protection and privilege claims are untimely.

## V. Breadth, Confidentiality, and Motions for Protective Order.

If you wish to seek protection from the general duty to provide broad discovery established by Fed. R. Civ. P. 26(b), the way to do so is by moving for a protective order, as set forth in Fed. R. Civ. P. 26(c). If you move for a protective order, that motion should be filed *before* the time for responding to that discovery runs. You bear the burden of specifically proving why discovery should not be had. It is improper to try to shift or avoid that burden of proof by not seeking a protective order while also withholding the requested discovery.

If you contend that any documents or information responsive to these Interrogatories are confidential because they contain alleged trade secrets or contain allegedly confidential or proprietary business information, your belief in and of itself provides no basis for withholding such documents or information. Phrased differently, your *subjective belief* that a document or piece of information is confidential does not carry your *burden to show* the confidentiality of that document or information.

If you intend to make confidentiality or trade-secret claims about responsive documents or information, you should (1) contact Plaintiff's counsel before responding, (2) seek to obtain a mutually agreed on sharing confidentiality order for such documents, and (3) articulate a specific basis for the confidentiality claim for each such document so that Plaintiff, or the Court, can reasonably assess the validity of your confidentiality claim and the need for a sharing confidentiality order. Plaintiff's counsel have been able to agree to sharing confidentiality orders in many prior cases, so there is no reason to believe that agreement on such an order would be impossible in this case. If Plaintiff does not voluntarily agree with your assertions of confidentiality or your proposed protective order and you continue to seek to prevent the discovery of information or documents based on claims of confidentiality, you are required to file a motion for protective order before discovery responses are due, as specifically contemplated in Fed. R. Civ. P. 26(c)(1)(G), and to provide specific

support for your claims. Stereotypical or conclusory objections, bereft of specific facts, are insufficient to prevent discovery.

The same rule applies to any attempt to avoid responding to Plaintiff's discovery requests based on "boilerplate objections" that the requests are overbroad, annoying, oppressing, or unduly burdensome. If you contend that you do not have to provide information in response to Plaintiff's discovery requests on one of those grounds, Fed. R. Civ. P. 26(c) dictates that a motion for protective order be timely filed and clearly supported. It is improper and contradicts the purpose of the Federal Rules to wait until the time to respond to Plaintiff's discovery requests has run; interpose boilerplate objections that a particular request is overbroad, oppressive, unduly burdensome, or seeks allegedly confidential information; announce that you will not comply with the duties imposed by the Federal Rules until a protective order is entered; simultaneously propose an unreasonable protective order; and then force Plaintiff to file a motion to compel to obtain discoverable documents.

If no documents responsive to a request exist or are being withheld on any ground whatsoever, please so state.

## VI. Definitions.

Plaintiff has spent considerable time defining certain words, terms, and phrases used in these Interrogatories. Please do not ignore these definitions. If you have any questions about the words, terms, and phrases used in these Interrogatories,

please seek, via email, clarification from Plaintiff's counsel. There is no need to object to the words, terms, and phrases used because you contend they are, for example, "vague," "ambiguous," or "undefined." For purposes of discovery, the terms below are defined as follows:

(1) "**Document**" means every writing, printing, record, electronic data, graphic, photographic or sound reproduction of every type and description that has been in your possession, control or custody or of which you have knowledge, including correspondence and electronic communications (e.g., letters, memos, emails, text messages), reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic records (including web pages, data stored on the cloud or internet, printouts, disks, USB drives, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intend for the term "document" to include every copy of such writing when such copy contains any commentary or notation that does not appear on the original and

any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference. Where information exists electronically, Plaintiff expressly intend the term "document" to include such electronically stored data.

(2) "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(3) (a) **"Identify" with respect to any "person"** or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, title, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) **"Identify" with respect to any "document"** or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

(4) "**Shree Vishnu Hotel**" or "**you**" or "**your**" or "**Defendant**" means Shree Vishnu Hotel, LLC, its shareholders, and all parent, subsidiary, sibling, and affiliate corporate entities (both domestic and foreign) or any of their agents or employees, including attorneys.

(5) "**Hotel**" or "**Master's Inn**" means the Master's Inn located at 1435 Montreal Road, Tucker, Georgia 30084.

## INTERROGATORIES

1.

Please identify any person who owned, managed, maintained, or was in control of the hotel or provided security at the hotel from January 1, 2012, through December 31, 2016. For any identified corporate entity, please identify any person who owned or controlled the entity, and if the ownership or control has changed, please identify the current ownership or control.

2.

Please identify any person that you contend is liable for any judgment obtained by Plaintiff and identify all facts that support your contention that this person is responsible for Plaintiff's damages.

3.

Please identify any insurance company that does or may be liable for or guarantee all or part of a judgment entered in this action or to indemnify or reimburse for

payments made to satisfy the judgment. Please state the policy number and the limits of liability coverage for each policy. Please provide any correspondence relating to a reservation of rights, denial or modification of coverage, "blue sky" or other correspondence modifying, limiting, or otherwise respecting the nature, scope, and fact of any insurance coverage. This request includes all primary, excess, umbrella, or other insurance policies of any nature whatsoever.

4.

Did Defendant have notice of or knowledge or information about any complaints or incidents of violent crime, sexual assaults, rapes, commercial sex, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the Master's Inn from January 1, 2012, through December 31, 2016? If so, please explain in detail the nature of each complaint or incident, the individuals involved, whether any legal action arose out of it, and the outcome of such claims; the date; and what your company did as a result of having that notice, knowledge, or information.

5.

Identify any person that you believe may have knowledge of or documents relating to any events described in Plaintiff's Complaint or the issues in this proceeding, and for each person, state what you believe to be the substance of that person's knowledge.

6.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any documents concerning violent crime, sexual assaults, rapes, commercial sex, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the hotel before January 1, 2012, please identify or produce those documents and state:

(a) What each document purports to show, illustrate, or represent;

(b) The date it was made and by whom; and

(c) The name and address of the person having custody of the document.

(d) Any documents responding to or relating to such documents.

7.

Please identify every person who was employed at or worked at the Master's Inn, including subcontractors and independent contractors, from 2012 through 2016. For each person, please state their job title, provide all last known contact information (phone number, email, mailing address, etc.), and state whether this person is employed by the Master's Inn currently.

8.

Please identify any person employed by or working on behalf of Defendant that maintained, kept, or otherwise stored documents or information related in any

way to the Master's Inn, including in hard copy or physical file, computer (personal or otherwise), or any other electronic device or computer, from January 1, 2012 to the date of trial of this case.

9.

Please identify and describe in detail any program, policy, industry standard, procedure, or action followed by you before January 1, 2015, that relates to safety, warnings, or trainings to help reduce the incidents of or minimize the risk of violent crimes, sexual assaults, rapes, commercial sex, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the Master's Inn.

10.

Please identify all injuries, incidents, claims, complaints, or lawsuits made against you involving injury to persons or property or death at the hotel. In doing so, please include the date, time, and place of occurrence; the name, address and telephone number of all parties and their attorneys involved; the address of all investigating people or departments; the personal injury or property damage, if any, claimed; and a short description of how the personal injury or death occurred.

11.

Has any insurer, bank, governmental agency or other entity ever inspected or inquired about safety hazards, nuisances, criminal activity at the hotel or required you to make changes to operate, get insurance, or comply with regulations from 2012

through 2016? If so, please identify the entity, dates, names, circumstances of such events, and communications relating thereto.

12.

Please state whether an internal investigation, audit, review, or assessment of the hotel was performed from 2012 through 2016. If so, for each investigation, audit, review, or assessment please state:

(a) The name, address, capacity, and employer of any person responsible for the investigation, audit, review, or assessment;

(b) The name, address, capacity, and employer of any person who wrote, compiled, conducted, or furnished information related to the investigation, audit, review, or assessment;

(c) The dates on which the investigation, audit, review, or assessment was conducted; and

(d) Whether any documents were generated related to the investigation, audit, review, or assessment.

13.

Identify any person that on your behalf communicated with guests, collected guest complaints or reviews, or collected or monitored any online reviews of the hotel, or was otherwise responsible for customer or guest relations, from 2012 through 2016. For each, please include the name and contact information.

14.

Describe in detail any information you have indicating that there was any defect, wrongdoing, or failure on the part of any employees in overseeing or management as it relates to safety at the Master's Inn from 2012 through 2016.

15.

Please describe in detail how you educated and/or trained employees on the Master's Inn's policies and procedures, including specifically any crime-deterrence, sex trafficking prevention, or safety policies, from 2012 through 2016.

16.

Please describe in detail how you supervised, trained, disciplined, audited, or otherwise exercised oversight and/or control over Master's Inn's employees, including specifically with respect to any crime-deterrence, sex trafficking prevention or recognition, or safety policies, from 2012 through 2016.

17.

Please identify any document or other tangible evidence, not previously identified or produced that may relate to, demonstrate, or supports facts relevant to the issues of liability, damages, or any issue in this case, including any defense Defendant asserts or may assert.

[*Signature on following page.*]

This 20th day of April, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Stephen Morrison*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Stephen Morrison*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
STEPHEN D. MORRISON, III
Georgia Bar No. 700828
smorrison@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile