# Exhibit D

# Defendant's Responses to Plaintiff's Interrogatories

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| K.G.,<br><br>Plaintiff,<br><br>v.<br><br>SHREE VISHNU HOTEL, LLC,<br><br>Defendant, | ) | CIVIL ACTION FILE NO.<br>1:26-cv-01007-TWT |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES**

Defendant SHREE VISHNU HOTEL, LLC, and responds to "Plaintiff's First Continuing Interrogatories to Defendant Shree Vishnu Hotel, LLC" showing as follows:

**GENERAL OBJECTIONS**

Defendant objects, generally, to the prefatory definitions and instructions contained in plaintiff's interrogatories because they seek to impose requirements upon defendant which exceed what is allowed under the Federal Rules of Civil Procedure, including, but not limited to, the allowed number of interrogatories and the disclosure of privileged and work product information.

Subject to and without waiving the foregoing general objections, defendant responds as follows:

1.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Shree Vishnu Hotel, LLC.

2.

The Defendant objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. The Defendant further objects to this interrogatory on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: The Defendant, as appropriate, will provide statutory notice of any non-party fault. In the meantime, the Plaintiff's alleged traffickers, whom the Plaintiff has identified as Floyd Mixx (a/k/a "Fatboy" or "Fat Boi") and Leterious Hall (a/k/a "Push" or "Pusha"), should be liable to the Plaintiff for any harms or damages they caused her.

3.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. Subject to the foregoing objection and without waiving same, the Defendant states as follows: The following policies may provide coverage: Massachusetts Bay Insurance Company (Policy No. RDAA9438600), policy term:

11/26/2014 - 4/1/2015; Atain Specialty Insurance Company (Policy No. CIP250491), policy term: 4/1/2015 - 12/6/2015; Great American Insurance Company of New York (umbrella)(Policy No. UM3305246), policy term: 11/26/2014 - 11/26/2015; and Great American Insurance Company of New York (umbrella)(Policy No. UM3718488), policy term: 11/26/2015 - 11/26/2016. The Defendant further states that its assessment of potentially applicable coverage is ongoing and it will supplement this response as appropriate. Please also see the Defendant's responses to the Plaintiff's requests to produce.

4.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Shree Vishnu Hotel, LLC has been involved in any other similar litigation. It had no knowledge of similar claims prior to the alleged incident at issue. Please also see the Defendant's responses to the Plaintiff's requests to produce.

5.

The Defendant objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: the Defendant refers the Plaintiff to those individuals listed in Attachment

A to the Plaintiff's Initial Disclosures as well as Attachment A to the Defendant's Initial Disclosures.

6.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Not applicable.

7.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. Subject to the foregoing objection and without waiving same, the Defendant states as follows: the computer system or software used by the Defendant for staffing and payroll changed in approximately 2019. The Defendant is attempting to locate a roster of employees; however, the requested information is more than ten years old. The Defendant will keep the Plaintiff apprised of its efforts and supplement this response as appropriate.

8.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the

attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Generally, Rakish Patel. The Defendant also states that its computer system and/ or software has changed since the alleged events giving rise to this complaint occurred in 2015 and the Defendant does not have access to all the information sought by the Plaintiff.

9.

The Defendant objects to this interrogatory on the grounds it is overly broad, unduly burdensome and vague. The Defendant further objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: The Defendant had no such knowledge prior to 2015, the date alleged in the Plaintiff's complaint. However, the Defendant is attempting to locate its applicable employee handbook and/or policies and procedures from the time frame at issue in this litigation. Its efforts to locate the same are complicated by the amount of time that has passed as well as changes to its computer and/or software systems. The Defendant will supplement its responses and produce any responsive handbook and/or policies and procedures that it locates.

10.

The Defendant objects to this interrogatory on the grounds it is overly broad

and unduly burdensome. The Defendant further objects to this interrogatory to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Shree Vishnu Hotel, LLC has never been involved in any other similar litigation. Please also see the Defendant's responses to the Plaintiff's requests to produce.

11.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Generally, the property was inspected by various county departments, including health department, fire department, and elevators. There were also fires at the property in 2014 and 2015. The damaged portions were inspected before they could be reopened.

12.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. Further, the Defendant objects to the extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Additionally, the Defendant objects to this interrogatory on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Please see the responsive inspection reports

produced in response to the Plaintiff's requests to produce. In addition, due to the amount of time that has passed since the alleged events in 2015 giving rise to the Plaintiff's claims, the Defendant no longer has access to similar reports from more than a decade ago. As any additional responsive documents are located, they will be produced.

13.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Generally, Rakish Patel was the general manager.

14.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and ambiguous. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Not applicable.

15.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Generally, along with daily communication between

staff and on-the-job training, there is an employee handbook. The Defendant is also attempting to locate its applicable employee handbook and/or policies and procedures from the time frame at issue in this litigation. Its efforts to locate the same are complicated by the amount of time that has passed as well as changes to its computer and/or software systems. The Defendant will supplement its responses and produce any responsive handbook and/or policies and procedures that it locates.

16.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects on the grounds it is vague and confusing. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Generally, along with daily communication between staff and on-the-job training, there is an employee handbook. The Defendant is also attempting to locate its applicable employee handbook and/or policies and procedures from the time frame at issue in this litigation. Its efforts to locate the same are complicated by the amount of time that has passed as well as changes to its computer and/or software systems. The Defendant will supplement its responses and produce any responsive handbook and/or policies and procedures that it locates.

17.

The Defendant objects to this interrogatory on the grounds it is overly broad and unduly burdensome. The Defendant further objects to this interrogatory to the

extent it seeks information protected by the work product doctrine, the attorney/client privilege, or both. Subject to the foregoing objection and without waiving same, the Defendant states as follows: Please see the Defendant's responses to the Plaintiff's requests to produce.

This 3rd day of June, 2026.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean Hynes
SEAN L. HYNES
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Northern District of Georgia, I hereby certify that this pleading has been prepared in compliance with Local Rule 5.1(C) using 14 point Times New Roman.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
SEAN L. HYNES
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Jennifer M. Webster, Esq.
Stephen D. Morrison, III, Esq.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfim.com
jtonge@atclawfim.com
jwebster@atclawfim.com
smorisson@atclawfim.com

This 3rd day of June, 2026.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
SEAN L. HYNES
Georgia State Bar No. 381698